UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
PATCHAREE NEWMAN,

        Plaintiff,

-against-

SOUND SHORE HEALTH SYSTEM, INC.,

        Defendant.
---------------------------------------------------------x

07 CIV. 4083

VERIFIED COMPLAINT
AND JURY TRIAL DEMAND

INDEX NO. _____

ASSIGNED JUDGE: _____

ROBINSON

Plaintiff Patcharee Newman, by and through her attorney, Paul N. Cisternino, as and for her verified complaint, alleges as follows:

## INTRODUCTION

1. This is an action against the defendant for the violation of plaintiff's federally guaranteed constitutional and civil rights and her rights as otherwise guaranteed under law.

2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the defendant which violated rights guaranteed to the plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq.*, the Americans with Disabilities Act of 1990, and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

3. Plaintiff alleges herein that she was subjected to discrimination, denied the

equal terms, conditions and privileges of employment and terminated based on race/ national origin and/or disability.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that she timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and her complaint was dual filed with the New York State Division of Human Rights. Plaintiff requested and received a written dismissal from the Commission, a copy of which has been annexed hereto; the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

7. Plaintiff is a forty year-old Asian American female of Thai national origin who at all times relevant herein resided in Westchester County within the State of New York.

8. Upon information and belief the defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq*.

2

## ALLEGATIONS

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. Plaintiff has been employed by the defendant in their Patient Accounts Department as a Medical Biller since in or about August 2002.

11. Of the six employees working in plaintiff's unit, plaintiff was the only one of Asian American descent.

12. Upon information and belief, some of plaintiff's fellow employees and supervisors had a problem with her race/nationality and treated her differently because of it.

13. During her period of service with the defendant, plaintiff has always performed her job duties in a competent and professional manner, her time and attendance has been excellent, and she has not had any disciplinary or other similar problems.

14. During the time period relevant herein, plaintiff has worked directly for Claims Processing Supervisor Ava Washington.

15. Plaintiff's position as a Medical Biller involved inputing large amounts of information onto the computer system, resulting in an injury to her right wrist which her physician diagnosed as "overuse syndrome" in May 2005.

16. By March 2006 plaintiff's injury had worsened to the extent that she had to go out on disability and apply for worker's compensation benefits, which she received.

17. Plaintiff was terminated without advance notice on May 12, 2006 by Director of Patient Accounts Bill Zuccala.

18. Although the termination letter stated that she was terminated because she was working elsewhere while simultaneously receiving worker's compensation benefits, such was not the case and, upon information and belief, the real reason was due to plaintiff's disability and/or her race/national origin.

19. Although plaintiff's alleged other employer provided a letter dated May 31, 2006 indicating that she was not an actively employed there and plaintiff's doctor provided a note dated June 5, 2006 stating that she was cleared to return to work with some minor restrictions, and both of these documents were provided to defendant, plaintiff was never offered an accommodation, a suitable accommodation was never discussed with her, nor was she ever offered reinstatement.

20. At the time of her termination plaintiff was making a salary of approximately $35,000 per year.

21. Since her termination, plaintiff has been unable to find suitable employment.

22. Upon information and belief, the defendant does not maintain an office or mechanism for the reporting of discrimination, harassment or other similar complaints nor do they possess or distribute to employees a formal, written anti-discrimination policy.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON RACE/NATIONAL ORIGIN UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

23. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "22" as though fully set forth herein.

24. By engaging in the foregoing conduct, defendant has violated plaintiff's rights under Title VII in that plaintiff was disparately treated based on her race/national origin.

25. As herein described, the defendant acted intentionally, with malice, or with reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON RACE/NATIONAL ORIGIN UNDER NEW YORK EXECUTIVE LAW §290

26. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "25" as though fully set forth herein.

27. By engaging in the foregoing conduct, defendant has violated plaintiff's rights under the State Human Rights Law in that plaintiff was disparately treated based on race/national origin.

28. As herein described, the defendant acted intentionally, with malice, or with reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory damages.

## AS AND FOR A THIRD CAUSE OF ACTION BASED ON DISABILITY PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

29. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" as though fully set forth herein.

30. By engaging in the foregoing conduct, defendant has violated rights guaranteed to the plaintiff under the American's with Disabilities Act in that plaintiff was disparately treated based on her disability.

31. As herein described, the defendant acted intentionally, with malice, or with reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION BASED ON DISABILITY PURSUANT TO THE NEW YORK EXECUTIVE LAW §290

32. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "31" as though fully set forth herein.

33. By engaging in the foregoing conduct, defendant has violated rights guaranteed to the plaintiff under the State Human Rights Law in that plaintiff was disparately treated based on her disability.

34. As herein described, the defendant acted intentionally, with malice, or with reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff Patcharee Newman, respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated: White Plains, New York
       May 22, 2007

                                    Respectfully submitted,
                                    Law Office of Paul N. Cisternino, P.C.
                                    *Attorneys for Plaintiff*.

                                    _____
                                    By:  Paul N. Cisternino (Bar No. 514003)
                                    701 Westchester Ave., Suite 308W
                                    White Plains, New York 10604
                                    (914) 997-0303

## VERIFICATION

STATE OF NEW YORK            )
                             ) SS:
COUNTY OF WESTCHESTER        )

<u>PATCHAREE NEWMAN</u>, being duly sworn, deposes and says:

I am the plaintiff herein. I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to the matters stated on information and belief; as to those matters, I believe the same to be true.

```
PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
       No. 02CI6020471
Qualified in Westchester County
Commission Expires   3/1/11
```

_____
PATCHAREE NEWMAN

Subscribed and sworn to before me this
24th day of May 2007.

_____
Notary Public

8

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Patcharee Newman**
14 Nostrand Avenue, #16
White Plains, NY 10605

From: New York District Office - 520
33 Whitehall Street
5th Floor
New York, NY 10004

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2006-03077 | **Patricia M. Araujo,** Investigator | (212) 336-3681 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____ 02/28/07
Spencer H. Lewis, Jr., (Date Mailed)
Director

Enclosures(s)

cc: **SOUND SHORE MEDICAL CENTER**
c/o Eilen M. O'Rourke, Esq.
16 Guion Place
New Rochelle, NY 10802

Paul N. Cisternino, Esq.
701 Westchester Avenue, Suite 308-W
White Plains, NY 10604