UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------
PATCHAREE NEWMAN,

                Plaintiff,            VERIFIED ANSWER

       -against-

                                     Case Number:   07 Civ. 4083
                                                     (SCR)

SOUND SHORE MEDICAL CENTER
   of WESTCHESTER,

                Defendant.
---------------------------------------------------------

Defendant Sound Shore Medical Center by its attorney, Eileen M. O'Rourke, answers the Complaint filed May 25, 2007 as follows:

## INTRODUCTION

1. Defendant admits plaintiff purports to base her action on a violation of plaintiff's federally guaranteed constitutional rights and her rights as otherwise guaranteed under law, but denies each and every other allegation set forth in paragraph 1 of the Complaint.

2. Defendant admits that plaintiff seeks monetary compensation and other damages under the referenced statutes but denies each and every other allegation set forth in paragraph 2 of the Complaint.

3. Defendant denies the allegations set forth in paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Defendant denies each and every other allegation set forth in paragraph 5 of the Complaint.

**ADMINISTRATIVE PROCEEDINGS**

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

**PARTIES**

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Defendant admits the allegations set forth in paragraph 8 of the Complaint.

**ALLEGATIONS**

9. Defendant repeats each and every response to the allegations contained in paragraphs "1" to "8" as if they were set forth herein.

10. Defendant admits the allegation set forth in paragraph 10 of the Complaint

11. Defendant denies the allegations set forth in paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in paragraph 13 of the Complaint

14. Defendant admits the allegations set forth in paragraph 14 of the Complaint.

15. Defendant admits that plaintiff was a Medical Biller but denies each and every other allegation set forth in paragraph 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint

20. Defendant admits the allegations set forth in paragraph 20 of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint.

**AS FOR A FIRST CAUSE OF ACTION BASED ON RACE/NATIONAL ORIGIN UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

23. Defendant repeats each and every response to the allegations contained in paragraphs "1" to "22" as if they were set forth herein.

24. Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of the Complaint.

**AS FOR A SECOND CAUSE OF ACTION BASED ON RACE/NATIONAL ORIGIN UNDER NEW YORK EXECUTIVE LAW §290**

26. Defendant repeats each and every response to the allegations contained in paragraphs "1" to "25" as if they were set forth herein.

3

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of the Complaint.

**AS FOR A THIRD CAUSE OF ACTION BASED ON DISABILITY PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

29. Defendant repeats each and every response to the allegations contained in paragraphs "1" to "28" as if they were set forth herein.

30. Defendant denies the allegations set forth in paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in paragraph 31 of the Complaint.

**AS FOR A FOURTH CAUSE OF ACTION BASED ON DISABILITY PURSUANT TO NEW YORK EXECUTIVE LAW §290**

32. Defendant repeats each and every response to the allegations contained in paragraphs "1" to "31" as if they were set forth herein.

33. Defendant denies the allegations set forth in paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth in paragraph 34 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

1. Plaintiff's complaint fails to state a claim upon which relief may be granted against defendant.

4

**SECOND AFFIRMATIVE DEFENSE**

2. Plaintiff's claims are barred to the extent that plaintiff has failed to satisfy jurisdictional prerequisites for commencement of this action.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff failed to exhaust administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff's claims may be barred, in whole or in part, by the principles of waiver, estopppel, laches, and/or unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff is not entitled to punitive damages as a matter of law because defendants at no time engaged in discriminatory practices with malice or with reckless indifference to plaintiff's rights.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The decision and actions or failures to act, if any, respecting Plaintiff were justified by legitimate non-discriminatory reasons and based on factors other that national origin, race or disability.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's impairment did not limit a major life activity.

5

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff's limitation was not substantial.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's limitation was not permanent or long-term.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Defendant is not required to accommodate plaintiff's prolonged illness by allowing her an indefinite leave of absence.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff's disability was not known to the employer.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff never sought a "reasonable accommodation."

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. A reasonable accommodation would be an unjust burden on the defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff was engaged in other employment while on medical leave from defendant.

New Rochelle, New York
June 25, 2007

                            _____
                            Eileen M. O'Rourke, Esq. (EMO9144)
                            *Attorney for Defendant*
                            Sound Shore Medical Center
                              of Westchester
                            16 Guion Place
                            New Rochelle, NY 10801
                            914-365-4815

activePDF Composer

EVALUATION

VALUTAZIONE

EVALUATION

EVALUACIÓN

EVALUATION