UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------

| | |
|---|---|
| PATCHAREE NEWMAN, | DEFENDANT'S |
| Plaintiff, | FIRST SET OF |
| | INTERROGATORIES |
| -against- | |
| | Case Number:   07 Civ. 4083 |
| | (CLB) |
| SOUND SHORE HEALTH SYSTEMS, INC. | |
| Defendant. | |

------------------------------------------------------

TO:   **PATCHAREE NEWMAN**

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 33, Local Civil Rule 33.3 of the United States District Court for the Southern District of New York, and the Civil Case Management Plan entered September 14, 2007 the DEFENDANT requires the PLAINTIFF herein to answer the following interrogatories within 30 days of service. These interrogatories are continuing in nature, and to the extent that any answers to them may be enlarged, expanded upon, modified, or corrected as a result of any change in circumstances subsequent to the filing of your responses, you are requested to promptly supply counsel for DEFENDANT with amended or supplemental responses as required by Rule 26 (e) of the Fed. R. Civ. P.

**DEFINITIONS**

As used herein, the terms "YOU," "YOUR" and "PLAINTIFF" refer to Patcharee Newman and her agents, attorneys, and all other persons acting or purporting to act on her behalf.

As used herein, the DEFENDANT refers to Sound Shore Health Systems, Inc.("SSHS") and its agents, attorneys, and all other persons acting or purporting to act on its behalf.

As used herein, the terms "DOCUMENT" or "DOCUMENTS" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

As used herein, the term "COMPLAINT" refers to the "COMPLAINT for Damages" on file in United States District Court, Southern District of New York, Case Number 07 Civ. 4083

As used herein, the term "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

As used herein, the term "TERMINATION" means the actual or constructive termination of the PLAINTIFF'S employment including any termination of employment, firing, discharge, reduction-in-force, layoff, resignation, or completion of the term of the employment agreement.

As used herein, the term "ADVERSE EMPLOYMENT ACTION" means any TERMINATION, demotion, probation, suspension, reprimand, decrease in salary or wages, failure or refusal to promote, and/or failure or refusal to hire.

As used herein, the term "HEALTH CARE PRACTITIONER" means any and all hospitals, emergency rooms, doctors, psychiatrists, psychologists, counselors, therapists, marriage counselors, drug treatment centers, social or welfare workers, chiropractors, laboratories, diagnostic or testing facilities, or any other individual or entity consulted in any way regarding the physical, mental, or emotional health or well-being of an individual.

As used herein, the term "IDENTIFY" means, when used in connection with a person or entity, to state the full and complete name, address, telephone and facsimile transmission number, and e-mail address of such person or entity.

As used herein, the term "IDENTIFY" means, when used in connection with a DOCUMENT, to state the full and complete name, address, telephone of the author(s), recipient(s), and the person(s) currently in possession of the DOCUMENT.

As used herein, the term "IDENTIFY" means, when used in connection with a verbal COMMUNICATION, means to state the full and complete name of the individual making the COMMUNICATION, to whom the COMMUNICATION was directed, the time and date of the COMMUNICATION, and who witnessed the COMMUNICATION.

As used herein, the term "PERSON" means any individual, group of individuals, or business entity including, without any limitation whatsoever, any corporation, partnership, joint-venture, association, non-profit organization, for profit organization, educational institution, trust, limited liability company, or public entity.

As used herein, the term "BUSINESS RELATIONSHIP" means any individual, group of individuals, or business entity including, without limitation whatsoever, any corporation, partnership, joint venture, association, non-profit organization, for profit organization, educational institution, trust, limited liability company, or public entity, any which exist in person or through electronic or computerized means, where PLAINTIFF engaged in discussions about engaging in work for compensation.

**INTERROGATORIES**

Interrogatory No. 1.  IDENTIFY all HEALTH CARE PRACTITIONERS with whom PLAINTIFF consulted regarding her (1) wrist and/or disabilitys, and (2) mental anguish, conscious pain and suffering, and emotional distress prior to August 2002.

Interrogatory No. 2.  IDENTIFY all HEALTH CARE PRACTITIONERS with whom PLAINTIFF consulted regarding her (1) wrist and/or disabilitys, and (2) mental anguish, conscious pain and suffering, and emotional distress after to August 2002.

Interrogatory No. 3.  IDENTIFY each BUSINESS RELATIONSHIP, after May 2005, with whom PLAINTIFF provided services with the intent to earn compensation, either at the time the service was rendered or at any time in the future, including commission.

Interrogatory No. 4.  For each BUSINESS RELATIONSHIP identified in response to Interrogatory Number 6. INDENTIFY in full and complete detail what services PLAINTIFF performed and why the PLAINTIFF'S services did or did not lead to a continued BUSINESS RELATIONSHIP.

Interrogatory No.  5.  IDENTIFY each and every current and former employee of SSMC with whom PLAINTIFF has COMMUNICATED regarding PLAINTIFF'S claims against SSMC and what was communicated.

Interrogatory No. 6.  IDENTIFY each and every individual (excluding current and former employees of SSMC) with whom PLAINTIFF has COMMUNICATED regarding PLAINTIFF'S claims against SSMC and what was communicated.

Interrogatory No. 7.  IDENTIFY all individuals who were  witness to the allegations in PLAINTIFF'S COMPLAINT.

Interrogatory No.8.  IDENTIFY all witnesses and/or expert witness who will testify to the PLAINTIFF'S allegations in PLAINTIFF'S COMPLAINT.

Interrogatory No. 9. IDENTIFY the "alleged employer" in paragraph 19 of the complaint and plaintiff's relationship to such "alleged employer.

Interrogatory No.10.  INDENTIFY all internet service providers ("ISP"), username and workstations from which the internet was access by plaintiff.

New Rochelle, New York  
October 12, 2007

                                                 _____  
                                                 Eileen M. O'Rourke, Esq. (EO9144)  
                                                 *Attorney for Defendant*  
                                                 Sound Shore Medical Center  
                                                         of Westchester  
                                                 16 Guion Place  
                                                 New Rochelle, NY   10801  
                                                 914-365-4815  
                                                 eorourke@sshsw.org

Paul N. Cisternino, Esq.  
Law Offices of Paul Cisternino. P.C.  
701 Westchester Avenue, Suite 308W  
White Plains New York   10604  
914-997-0303

4