UNITED STATES DISTRICT COURT
SOUTHERN DISRTICT OF NEW YORK
------------------------------------------------------------------------X

PATCHREE NEWMAN,

                Plaintiff,

   -against-

SOUND SHORE HEALTH SYSTEM, INC.,
                Defendant.
------------------------------------------------------------------------X

**NOTICE FOR DISCOVERY AND INSPECTION**

Civil Action No. 07 CIV.4083

(CBL)

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, through its attorney, Eileen M. O'Rourke, defendant Sound Shore Health System, Inc. requests plaintiff to produce for inspection and copying within thirty (30) days of service all the documents in her possession, custody, or control, described in this request.

## I. GENERAL INSTRUCTIONS

1. Plaintiff is referred to the relevant provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure for its obligations and responsibilities with respect to its response to this discovery request.

2. These document demands are continuing in nature; if, after answering the document demands, plaintiff obtains or becomes aware of any or further documents, which are responsive to these document demands, supplementary production, are required.

3. Plaintiff is requested to list all documents withheld from production on the grounds of destruction, loss, privilege, or attorney work product, and if any objections are interposed, to specify the basis or reasons for each.  Where a claim of privilege is asserted in objecting to any document demand, or sub-part thereof, and an answer is not provided on the basis of such assertion:

G259932.1

   (i)  the attorney asserting the privilege shall in the objection to the document demand, or subpart thereof, identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state or federal law, indicate the state's or federal's law privilege rule being invoked; and

   (ii)  the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information;

    A.  for documents: (1) the type of document; (2) the general subject matter of the document; (3) the date of the document; (4) such other information as is sufficient to identify the document for a subpoena <u>duces</u> <u>tecum</u>, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other;

    B.  for oral communications: (1) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (2) the date and place of communication; (3) the general subject matter of the communication.

4. If any document is in the plaintiff's possession, custody or control has been lost or destroyed, the plaintiff is requested to submit in lieu of the document a written statement

identifying the author(s) recipient(s), subject matter, date prepared, date the document was lost or destroyed, reason(s) for the destruction and the persons(s) requesting and performing the destruction.   If any information is withheld because it is stored electronically, plaintiff is requested to identify the subject matter of the information, the place or places where the information is stored and maintained, and the custodian of the information.

5.  Any description of documents requested that is specific in nature should not be interpreted to diminish the breadth of any more general request that may otherwise encompass the specified documents.

6.  All documents produced for copying and inspection pursuant to these requests are to be segregated and labeled to correspond with the categories in this request to which they are responsive.

## II.  DEFINITIONS

As used in these discovery requests, the words used below shall be defined as follows:

1.  Communication. The term "communication" is used in the broadest possible sense and means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) whether made orally or in writing, by telephone, in a document, at a meeting, by electronic mans including computer, or otherwise.

2.  Document. The term "document" is defined as used in this request, "shall mean any printed, written, recorded, taped, electronic, graphic, computer printouts in any form or other tangible matter in the plaintiff's possession, custody or control, from whatever

source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original and any nonidentical copy (whether different from the original because of notes or markings made or attached to the copy or because of any other reason), including, but not limited to correspondence, memoranda, reports, agreements, contracts, statements, notes, calendars, diaries, computations, audio tape recordings, films, photographs, records, plans, computer diskettes, copies of computer diskettes, summaries of records of telephone conversations, "MLS" listings, summaries of records of meetings or conferences, summaries of reports of investigations, records of account and other wirings.

3. <u>Parties</u>. The term "plaintiff" shall mean plaintiff, Patchree Newman and her representatives, agents or anyone acting on her behalf. The term " Hospital" " shall mean defendant Sound Shore Health Systems, Inc. These definitions are not intended to impose a discovery obligation on any person who is not a party to the litigation.

4. <u>Person</u>. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

5. <u>Concerning</u>. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

6. <u>Refer or Relating to or Pertaining</u>. The terms mean connected with, reflecting, having an association with, depicting, illustrating, discussing, mentioning or otherwise having some direct or indirect relation to the allegations contained in the plaintiff's Complaint.

7. <u>All/Each</u>. The terms "all" and "each" shall be construed as all and each.

8. <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.  <u>Number</u>.  The use of the singular form of any word includes the plural and <u>vice-versa</u>.

10. <u>Complaint</u>.  The "Complaint" refers to the Complaint filed by Patcharee Newman, (plaintiff) in the United States District Court, Southern District of New York, Civil Action No. 07 CIV 4083.

### III.  DOCUMENT REQUESTS

1.  Any and all documents, notes (handwritten or typewritten), memoranda, chronologies, calendars, notebooks, diaries, tape recordings (audio or video), transcripts, computer data, electronic mail and any other written, electronic or recorded materials of any type concerning plaintiff's claim.

2. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 2 of the complaint that defendant violated Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, the Americans with Disabilities Act of 1990, the New York State Human Rights Law, and New York Executive Law §290 *et seq*.

3. Any and all documents, recordings, and/or support material in any way that relate or pertain to the allegations contained in paragraph 3 of the complaint that plaintiff was subjected to discrimination, denied equal terms, conditions and privileges of employment.

4. Any and all documents, recordings, and/or support material in any way that relate or pertain to the allegations contained in paragraph 3 of the complaint that defendant's termination of plaintiff was based on race/national origin.

5. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 11 of the complaint that of the six employees in plaintiff's unit "plaintiff was the only one of Asian American descent."

6. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 12 of the complaint that "fellow employees and supervisors had a problem" with plaintiff's race/nationality.

7. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 12 of the complaint that defendant treated plaintiff differently because of plaintiff's race/nationality.

8. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 13 of the complaint that plaintiff "performed her job duties in a competent and professional manner, her time and attendance was excellent, and she has not had a disciplinary or similar problems."

9. Any and all documents that relate or pertain to the duties and responsibilities of the positions which plaintiff held with the defendant.

10. Any and all documents that relate or pertain to plaintiff's job performance during the time plaintiff was employed by the defendant.

11. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegation contained in paragraph 15 of the complaint that plaintiff's position involved inputting large amounts of information onto the computer system."

12. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 15 of the complaint that defendant was diagnosed with "overuse syndrome" in May 2005.

13. Any and all documents, recordings, and/or support material that in any way relate or pertain to plaintiff's physical condition and/or functioning ability of her right wrist after August 2002.

14. Any and all documents, recordings, and/or support material that in any way relate or pertain to medical condition of plaintiff's right wrist prior to her May 2005 diagnosis.

15. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 16 of the complaint that plaintiff applied for disability and workers' compensation benefits.

16. Any and all documents, recordings, and/or support material that in any way relate or

pertain to the allegations contained in paragraph 18 of the complaint that Bill Zucalla's termination of plaintiff was based on plaintiff's disability and/or national origin.

17. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 18 pertaining to any services (paid or unpaid) rendered anywhere while simultaneously receiving workers' compensation benefits.

18. Any and all documents, recordings, and/or support material that in any way relate or pertain to the relationship with the "alleged other employer" identified, in paragraph 19 of the complaint, as providing a letter dated May 31, 2006 to the defendant.

19. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 19 of the complaint that defendant had an obligation, legal or otherwise, to offer plaintiff "an accommodation."

20. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 21 of the complaint that "plaintiff has been unable to find suitable employment."

21. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 21 indicating that plaintiff was seeking suitable and/or any employment since her termination.

22. All documents that relate or pertain to plaintiff's efforts to obtain employment following plaintiff's termination by the defendant.

23. Any and all versions of any resumes plaintiff created following plaintiff's termination by the defendant.

24. Any and all letters plaintiff has sent out seeking employment after plaintiff's termination by the defendant.

25. Any and all letters plaintiff received in response to any letters plaintiff sent out seeking employment after plaintiff's termination by the defendant.

26. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 22 of the complaint that "defendant does not maintain an office or mechanism for the reporting of discrimination, harassment or other similar complaints nor do they possess or distribute to employees a formal, written ant-discrimination policy."

27. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 24 of the complaint that defendant "violated plaintiff's rights under Title VII."

28. Any and all documents, recordings, and/or support material that in any way relate or

pertain to the allegations contained in paragraph 24 of the complaint that "plaintiff was disparately treated based on her race/national origin under Title VII."

29. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 25 of the complaint that "defendant acted intentionally, with malice, or with reckless disregard for plaintiff's rights" under Title VII.

30. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 25 of the complaint that defendant proximately caused "plaintiff mental anguish, conscious pain and suffering, emotional distress" under Title VII.

31. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 25 of the complaint that defendant proximately caused plaintiff "loss of income and other related benefits" under Title VII.

32. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 27 of the complaint that defendant violated plaintiff's rights under New York Executive Law §290.

33. Any and all documents, recordings, and/or support material that in any way relate or

pertain to the allegations contained in paragraph 27 of the complaint that plaintiff was disparately treated based on race/national origin under New York Executive Law §290.

34. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 28 of the complaint that "defendant acted intentionally, with malice, or with reckless disregard for plaintiff's rights" under New York Executive Law §290.

35. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 28 of the complaint that defendant proximately caused "plaintiff mental anguish, conscious pain and suffering, emotional distress" under New York Executive Law §290.

36. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 28 of the complaint that defendant proximately caused plaintiff "loss of income and other related benefits" under New York Executive Law §290.

37. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 30 of the complaint that defendant "violated rights guaranteed to the plaintiff under the American's with Disabilities Act."

38. Any and all documents, recordings, and/or support material that in any way relate or

pertain to the allegations contained in paragraph 30 of the complaint that plaintiff was "disparately treated based on her disability" under the American's with Disabilities Act.

39. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 31 of the complaint that "defendant acted intentionally, with malice, or with reckless disregard for plaintiff's rights: under the American's with Disabilities Act.

40. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 31 of the complaint that defendant proximately caused "plaintiff mental anguish, conscious pain and suffering, emotional distress" under the American's with Disabilities Act.

41. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 31 of the complaint that defendant proximately caused plaintiff "loss of income and other related benefits" under the American's with Disabilities Act.

42. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 33 of the complaint that defendant "violated rights guaranteed to the plaintiff under the State Human Rights Law."

43. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 33 of the complaint that plaintive was "disparately treated based on her disability" under the State Human Rights Law.

44. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 34 of the complaint that "defendant acted intentionally, with malice, or with reckless disregard for plaintiff's rights under the State Human Rights Law.

45. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 34 of the complaint that defendant proximately caused "plaintiff mental anguish, conscious pain and suffering, emotional" under the State Human Rights Law.

46. Any and all documents, recordings, and/or support material that in any way relate or pertain to the allegations contained in paragraph 34 of the complaint that defendant proximately caused plaintiff "loss of income and other related benefits" State Human Rights Law.

47. All recordings, electronic or otherwise, of conversations between plaintiff, or any representative of plaintiff or person acting on plaintiff's behalf, and anyone currently or formerly employed by, or associated with the defendant relating in any way to plaintiff's claims in this action.

48. Any and all letters, memoranda, notes, correspondence or other documents that

plaintiff gave to defendant unrelated to the collection of monies on behalf of the defendant.

49. Any and all letters, memoranda, notes, correspondence or other documents that the defendant gave to plaintiff unrelated to the collection of monies on behalf of the defendant.

50. Any and all letters, memoranda, notes, correspondence or other documents that plaintiff gave to anyone that in any way relates or pertains to defendant unrelated to the collection of monies on behalf of the defendant.

51. Any and all photographs, negatives, recordings and/or videotapes recorded at the defendant's during plaintiff's employment with the defendant unrelated to the collection of monies on behalf of the defendant.

52. Any and all documents that plaintiff took from the defendant.

53. Any and all documents, recordings, and/or support material that in any way relate or pertain to any position held or services rendered by plaintiff after August 2002, other than with defendant that could lead to the receipt of money for services, a salary, a commission, or any other form of benefit for services rendered by the plaintiff.

54. Any and all documents, recordings, and/or support material that in any way relate or

pertain to any position, affiliation or relationship plaintiff had with Affluent Properties Group or its owner.

55. Any and all documents, recordings and/or support materials showing plaintiff's relationship/affiliation with Mr. Montano of Affluent Properties Group or the "alleged other employer" referred to in paragraph 19 of plaintiff's complaint.

56. Any and all documents, recordings, and/or support material that in any way relate or pertain to obtaining or sustaining the real estate license obtained by the plaintiff.

57. Any and all documents, recordings and/or support materials showing plaintiff's participation in computer (on-line) educational and/or academic courses, job searches, social, business or educational blogs and/or social communications via the computer after August 2002.

58. Any and all billing statements/invoices for personal or business "on-line" computer access to the Internet after August 2002.

59. All documents, recordings and/or support material showing plaintiff's reported formal verbal and/or written complaints regarding defendant's alleged discrimination against plaintiff.

60. All documents, recordings and/or support material showing the defendant ratified,

approved, and/or condoned the alleged discrimination against plaintiff.

61. All documents, recordings and/or support materials showing plaintiff's "loss of income and other benefits."

62. Any and all documents which relate or pertain to the type and extent of the damages plaintiff alleges plaintiff suffered as a result of the defendant's actions.

63. Any and all documents, recordings, and/or support material that in anyway relate, pertain, or form the basis for plaintiff's punitive and compensatory consequential damage claims, including, but not limited to, the calculation of each specific category of damages requested in plaintiff's complaint.

64. Any and all daily planners, calendars, memoranda, notes, correspondence, or other documents in which plaintiff recorded any information that in any way relates or pertains to any emotional distress plaintiff suffered as a result of the alleged actions of the defendant.

65. Any and all documents that relate or pertain to any medical, psychological or psychiatric treatment plaintiff has undergone during the past ten (10) years as a result of plaintiff's disability.

66. Any and all documents that relate or pertain to any medical, psychological or

psychiatric treatment plaintiff has undergone for injuries plaintiff alleges plaintiff suffered as a result of the defendant's actions.

67. All documents that relate or pertain to evaluations or treatments of plaintiff by a health care provider for any physical, mental, or emotional condition, or for physical, mental or emotional health or well-being, including, but not limited to, any diagnosis, test results, tests performed, evaluations, charts, reports, prescriptions, bills, statements, invoices, insurance forms, or documents, receipts or cancelled check during the time that plaintiff was employed by the defendant

68. All documents that relate or pertain to evaluations or treatments of plaintiff by a health care provider for any physical, mental, or emotional condition, including, but not limited to, any diagnosis, test results, tests performed, evaluations, charts, reports, prescriptions, bills, statements, invoices, insurance forms, or documents, receipts or cancelled check from the time that plaintiff's employment with the defendant was terminated to the present.

69. All documents that relate or pertain to evaluations or treatments of plaintiff by a health care provider for any physical, mental, or emotional condition, including, but not limited to, any diagnosis, test results, tests performed, evaluations, charts, reports, prescriptions, bills, statements, invoices, insurance forms, or documents, receipts or cancelled check during the ten (10) year time period immediately preceding the start of plaintiff's employment with the defendant.

70. All documents not previously called for which in any way relate or refer to the facts underlying each claim for relief in the complaint.

**PLEASE TAKE FURTHER NOTICE,** that the said articles, documents, things and photographs are to be produced within 30 days of service of notice in the office of Eileen M. O'Rourke, c/o Sound Shore Medical Center, 16 Guion Place, New Rochelle, New York 10801 or at any other location mutually agreed upon in advance of said date by the attorneys for the respective parties herein, at which time, said articles, documents, things and photographs will be physically inspected, copied, tested photographed and/or mechanically reproduced and then returned.

Dated: October 10, 2007
       New Rochelle, New York

                                                            _____
                                                            Eileen M. O'Rourke, Esq. (EMO9144)
                                                            Attorney For Defendant
                                                            c/o Sound Shore Medical Center
                                                            16 Guion Place
                                                            New Rochelle, New York 10801
                                                            914-632-5000, ext. 2815

To:    Paul N. Cisternino, Esq.
          Attorney for Plaintiff
          Law Office of Paul N. Cisternino, P.C.
          701 Westchester Avenue, Suite 308W
          White Plains, New York 10604
          914-007-0303

AFFIDAVIT OF SERVICE

STATE OF NEW YORK            )
                             )S.S. :
COUNTY OF WESTCHESTER        )


I, Christina Lennon, being duly sworn, say:

I am not a party to the action, am over 18 years of age and reside in Westchester County, New York.

On October 15, 2007, I served the within defendant's INITIAL DISCLOSURE STATEMENT, FIRST SET OF INTERROGATORIES, and NOTICE FOR DISCOVERY AND INSPECTION by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Paul N. Cisternino Esq.
Attorney for Plaintiff
Law Office of Paul N. Cisternino, P.C.
701 Westchester Avenue, Suite 308W
White Plains, New York   10604


_____
Christina Lennon

State of New York
County of Westchester


Sworn to and subscribed
before me this
     day of October 15, 2007



_____
Notary Public